UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| YAN ZHAO, ET AL., *Appellants*, v. KEQIANG LI, ET AL., *Appellees*. | No. 22-7138, 22-7152 |

## APPELLEE MATTHEW BELGER'S MOTION FOR SUMMARY AFFIRMANCE

Appellee Matthew Belger respectfully moves for summary affirmance of the dismissal of all claims against him in this case. There are myriad grounds on which to affirm the district court's ruling, but "[t]he merits of the parties' positions" as to personal jurisdiction "are so clear as to warrant summary action." *Bruns v. USAA*, 2022 WL 3568051, at *1 (D.C. Cir. Aug. 11, 2022). Summary adjudication is particularly appropriate because (1) it would obviate the need for briefing of the many other grounds for dismissal of the case, and (2) this appeal is part of a pattern of frivolous litigation conduct that has led to sanctions against Appellants or their counsel in three courts.

### SUMMARY OF ARGUMENT

"This suit is the latest attempt by a group of corporate entities and an investor, Yan Zhao, to secure ownership and control over a group of luxury

hotels." Dkt. No. 52 (Aug. 27, 2021 Opinion) at 1.[1] Appellants have sought to secure this ownership using purported arbitration judgments. Dajia Insurance Group Co. Ltd. ("Dajia") hired Belger, among other attorneys, to vacate these purported arbitration judgments in Delaware state court. In the course of this litigation, Belger argued on behalf of Dajia that the purported arbitration judgments were illegitimate, and should be vacated.

Appellants' misconduct in that Delaware litigation was so blatant that Vice Chancellor Laster (the trial judge in Delaware) enjoined Appellants from filing another suit claiming to have a judgment from the Court of Chancery and referred Appellants' counsel to the Delaware Office of Disciplinary Counsel. Since then, a court in New York also sanctioned Appellants and their counsel for related, "wholly frivolous" actions, Dkt. No. 84-1 (Sept. 15, 2022 Order of New York Supreme Court) at 5, and the district court below sanctioned Appellants and their counsel for "abusing the judicial process." Dkt. No. 86 (Oct. 11, 2022 Opinion) at 4.

In the interim, Appellants tried but failed to appeal the Delaware judgment. Three days after the last of these purported appeals was dismissed, they filed this lawsuit against a number of defendants, including Belger and Vice Chancellor

---

[1] References to "Dkt. No." refer to the docket entry number on the district court's docket in this case.

Laster, the trial judge in Delaware. Their Complaint is a disjointed collage of conspiratorial allegations, but the essence of Appellants' case appears to be a request to overturn Vice Chancellor Laster's judgment and award the Plaintiffs the relief they could not obtain in Delaware. Appellants' case suffers from myriad flaws that would bar it from being filed in any forum. But the district court rightly bypassed all of these other arguments because this case cannot be brought in a District of Columbia court.

The Court lacks personal jurisdiction over Belger (and his co-defendants). Belger lives in Delaware, is a partner in a Delaware law firm, and the only allegations against him relate to his representation of Dajia in a case in Delaware state court. Appellants do not allege any contact between Belger and the District of Columbia. The correctness of the district court's ruling is so clear that summary affirmance is warranted to avoid the need for briefing and consideration of the many other jurisdictional, legal, and pleading defects in this case.

## BACKGROUND

Appellants "allege a wild tale" to concoct a claim that they are the true owners of "a group of luxury hotels, including the Four Seasons Hotel in Washington, D.C." Dkt. No. 52 (Aug. 27, 2021 Opinion) at 2. Their claim turns on the so-called DRAA[2] Agreement, a purported agreement that Plaintiffs claim

---

[2] The "DRAA" is the Delaware Rapid Arbitration Act.

entitles them to ownership of twenty luxury hotels, and arbitration awards Plaintiffs purport to have secured related to that Agreement. *See id.* at 2–3.

Belger became involved when Appellants sought to enforce these purported awards against his client in Delaware state court. The Complaint accurately alleges that Belger represented Dajia in a Delaware Court of Chancery action captioned *World Award Foundation Inc. v. Anbang Insurance Group Co., Ltd.*, No. 2019-0605-JTL (Del. Ch.) (the "Court of Chancery Action"). Dkt. No. 1 (Complaint) ¶ 198 ("Compl."). On July 2, 2020, Vice Chancellor Laster entered his Final Order and Judgment by Default in that case. *See World Award Found. v. Anbang Ins. Grp.*, 2020 WL 3799714 (Del. Ch. July 2, 2020).

Three days after Appellants lost their appeals from that judgment, they filed this case. To the extent their allegations can be understood, Appellants allege that Belger is liable for arguments he made to the Delaware court, because Appellants believe that court's orders were wrong. *See* Compl. ¶¶ 47, 51. Appellants never identify any conduct that would give rise to a claim. Instead, they bizarrely accuse Belger of participating (in unidentified ways) in vaguely described conspiracies with Vice Chancellor Laster to win the Court of Chancery Action. *See, e.g., id.* ¶ 207. For example, they allege: "Mr. Belger, by utterly willful misrepresentation to the court, had popped up a fake issues of so-called 'frauds' and possible 'crime', which was completely nonsensical and outrageous, yet his scary tactic was so

4

successful that he chased away all Petitioners' Delaware counsels, keeping all Delaware counsels out of the Courthouse." *Id.* ¶ 202. And that "[t]he draft judgment that Mr. Belger drafted and presented to his former boss was full of unsophisticatedly smuggled manipulation by spoliation of evidence." *Id.* ¶ 203. But they never allege what Belger's "willful misrepresentations" or "smuggled manipulation" were (which is not surprising, because there were none).

The only specific actions Appellants allege Belger took are (1) making arguments and presenting evidence in the Court of Chancery, *id.* ¶¶ 44–45, 47, 202–204, and (2) having been a law clerk for Vice Chancellor Laster years earlier, *id.* ¶¶ 185, 187, 199; Dkt. No. 1-10 (Complaint Exhibits) at 45. Appellants do not allege that any of this took place in the District of Columbia, or that it had any connection to the District of Columbia.

On March 4, 2021, Belger moved to dismiss, arguing that Appellants' claims were defective for myriad reasons, including that the district court lacked both personal jurisdiction and subject matter jurisdiction, that Appellants failed to state a claim, and that Appellants had not served Belger with process. Dkt. No. 31-1. On August 27, 2021, the district court dismissed the claims against Belger, reaching only his first argument regarding personal jurisdiction. Dkt. No. 52.

Appellants noticed their appeal on October 3, 2022. Dkt. No. 82.[3] Since then, the district court issued a separate order dismissing the entire case—including the claims against Belger—with prejudice due to Appellants' frivolous litigation conduct. *See* Dkt. No. 86 at 13.

## ARGUMENT

I. **THE COURT SHOULD SUMMARILY AFFIRM THE DISTRICT COURT'S PERSONAL-JURISDICTION RULING.**

This Court reviews "[a] dismissal for lack of personal jurisdiction . . . de novo." *Bernhardt v. Islamic Republic of Iran*, 47 F.4th 856, 863 (D.C. Cir. 2022). Where, as here, the issue is "straightforward," the district court may "turn[] directly to personal jurisdiction" without the need to reach the many subject-matter jurisdiction arguments Belger also raised below (and would renew in merits briefing before this Court). *See Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 888 (D.C. Cir. 2021) (internal quotation marks omitted).

The district court can exercise personal jurisdiction over a non-resident defendant under two circumstances: (1) when it has "general" jurisdiction over the defendant, or (2) when it has "specific" or "case-linked" jurisdiction. *Ford Motor*

---

[3] Although no final judgment had been entered when the appeal was filed, the district court entered a final judgment dismissing all claims against all parties to the case on October 11, 2022. Dkt. No. 85. Accordingly, the notice became timely pursuant to Federal Rule of Appellate Procedure 4(a)(2); *see Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 221–22 (D.C. Cir. 2011).

*Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Appellants had the burden of "mak[ing] a *prima facie* showing of the pertinent jurisdictional facts to survive a motion to dismiss for lack of personal jurisdiction." *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56–57 (D.C. Cir. 2017). The district court correctly determined that they failed to do so.

### A. The District Court Lacked General Jurisdiction Over Belger.

For general jurisdiction to exist, a defendant must be "essentially at home" in the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Erwin-Simpson*, 985 F.3d at 890. "[O]nly a limited set of affiliations" will meet this high bar. *Daimler*, 571 U.S. at 137. For an individual like Belger, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* But, as the district court found, Belger's domicile is Delaware: he both lives and works there. *See* Dkt. No. 52 (Aug. 27, 2021 Opinion) at 9; Dkt. No. 31-2 (Decl. of M. Belger) ¶¶ 2, 4. "[N]othing in the Complaint suggests otherwise." Dkt. No. 52 (Aug. 27, 2021 Opinion) at 9.

### B. The District Court Lacked Specific Jurisdiction over Belger.

For specific jurisdiction to exist, "[p]laintiffs must establish a relationship among 'the defendant, the forum, and the litigation.'" *Klieman*, 923 F.3d at 1120 (quoting *Walden*, 571 U.S. at 291). In other words, "the defendant's suit-related conduct must create a substantial connection with the forum." *Id.* (quoting

7

*Walden*, 571 U.S. at 284). As the district court recognized, Appellants did not allege a single connection between Belger and the District of Columbia, much less one related to this litigation. *See* Dkt. No. 52 (Aug. 27, 2021 Opinion) at 12 ("Plaintiffs do not allege that [Belger or Vice Chancellor Laster] conducted *any* activities here.").

Appellants' only allegations of personal jurisdiction said nothing about Belger at all. Instead, they vaguely alleged the need to "exercise long arm personal jurisdiction . . . in protection of vital interests of the U.S. nationals living in the United States pursuant to Federal Law," Compl. ¶ 2, or the existence of "corporate ties and/or business contacts and activities in this jurisdiction" by some unidentified defendants, *id.* ¶ 221. None of this alleges any action by Belger to "create a substantial connection with the forum." *Klieman*, 923 F.3d at 1120 (quoting *Walden*, 571 U.S. at 284).

The allegations Appellants did make about Belger, moreover, say nothing about the District of Columbia. Rather, they discuss Belger's representation of a client in litigation in Delaware state court. This does not create any connection—much less a "substantial connection"—between Belger and the District of Columbia. *Klieman*, 923 F.3d at 1120 (quoting *Walden*, 571 U.S. at 284). When a plaintiff sues about out-of-state litigation conduct, specific jurisdiction cannot exist when there is no allegation of "any conduct whatsoever" in D.C. *Bradley v.*

8

*DeWine*, 55 F. Supp. 3d 31, 40–41 (D.D.C. 2014) (finding "it would undoubtedly come as a surprise" to lawyer and judge defendants "if participating in a foreclosure proceeding in Ohio exposed them to suit in a D.C. court"); *accord Forras v. Rauf*, 812 F.3d 1102, 1103 (D.C. Cir. 2016). The same is true here, where the allegations against Belger relate entirely to his representation of a client in Delaware state court.

Finally, the only allegation that relates to the District of Columbia is a passing reference to the fact that one of the hotels Appellants claim to own is located here. Compl. ¶ 30. But that does not connect Belger to the District of Columbia. The hotel is not his property, and is not even directly owned by Appellee AB Stable VIII. Dkt. No. 52 (Aug. 27, 2021 Opinion) at 8. Nor is there any allegation that Belger had any communication with the D.C.-based hotel. (He did not, *see* Dkt. No. 31-2 (Decl. of M. Belger) ¶ 6.)

## CONCLUSION

The Court should summarily affirm the dismissal of all claims against Belger for lack of personal jurisdiction.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:    /s/ Margaret A. Keeley

Margaret A. Keeley (D.C. Bar No. 454962)
Benjamin N. Hazelwood (D.C. Bar No. 1009909)
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
mkeeley@wc.com
bhazelwood@wc.com

*Attorneys for Appellee Matthew Belger*

Dated: March 27, 2023

# CERTIFICATE OF COMPLIANCE

1. The foregoing document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,961 words.

2. This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Times New Roman font theme, in font size 14.


/s/ Margaret A. Keeley
Margaret A. Keeley

## CERTIFICATE OF SERVICE

I certify that on this 27th day of March, 2023, Appellee Matthew Belger's Motion for Summary Affirmance was served through the Court's ECF system on all counsel of record. I further certify that the requisite number of paper copies were filed with the Clerk this same day.

/s/ Margaret A. Keeley
Margaret A. Keeley