## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

YAN ZHAO, ET AL.,

        *Plaintiffs-Appellants*,

    v.

KEQIANG LI, ET AL.,

        *Defendants-Appellees*.

No. 22-7138

--------------------------------

## MOTION BY AB STABLE VIII LLC
## FOR SUMMARY AFFIRMANCE

--------------------------------

Mitchell A. Karlan
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, N.Y. 10166-0193
(212) 351-3827
mkarlan@gibsondunn.com

Elizabeth P. Papez
  *Counsel of Record*
Christine A. Budasoff
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
epapez@gibsondunn.com

*Counsel for Defendant–Appellee AB Stable VIII LLC*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1, Appellee AB Stable VIII LLC, by and through its undersigned counsel, states that it is a wholly-owned subsidiary of Plaintiff AB Stable IX LLC. Plaintiff AB Stable IX LLC is an indirect, wholly-owned subsidiary of Plaintiff Anbang Group Holdings Co. Limited. Plaintiff Anbang Group Holdings Co. Limited is a wholly-owned subsidiary of Dajia Life Insurance Co., Ltd., which is jointly owned by Dajia Insurance Group Co., Ltd. and Dajia Property & Casualty Insurance Co., Ltd., the latter of which is a wholly-owned subsidiary of Dajia Insurance Group Co., Ltd. Dajia Insurance Group Co., Ltd. is a majority-owned subsidiary of China Insurance Security Fund Co., Ltd., an insurance industry guaranty fund. No publicly-held corporation owns 10% or more of the stock or beneficial interest in China Insurance Security Fund Co., Ltd.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ...........................................................................................1

BACKGROUND ............................................................................................2

STANDARD OF REVIEW ...............................................................................6

ARGUMENT...................................................................................................6

     I.     This Appeal Should Be Summarily Affirmed Because The District Court Lacks *General* Jurisdiction Over Stable VIII. ...........................8

     II.    This Appeal Should Be Summarily Affirmed Because The District Court Lacks *Specific* Jurisdiction Over Stable VIII...........................10

CONCLUSION................................................................................................14

ADDENDUM ............................................................................Add. 1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AB Stable VIII LLC v. MAPS Hotels & Resorts One LLC*,
    No. 2020-0310-JTL, 2020 WL 7024929 (Del. Ch. Nov. 30, 2020).........2, 3, 4, 5

*AB Stable VIII LLC v. MAPS Hotels & Resorts One LLC*,
    No. 2020-0310-JTL (Del. Ch. Apr. 30, 2020) .................................................2, 3

*Ambach v. Bell*,
    686 F.2d 974 (D.C. Cir. 1982)............................................................................6

\* *Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................12

*Baker v. State Farm Ins. Co.*,
    No. 00-7162, 2000 WL 1683504 (D.C. Cir. Oct. 27, 2000)
    (per curiam) ...................................................................................................8, 13

*Bigelow v. Garrett*,
    299 F. Supp. 3d 34 (D.D.C. 2018).....................................................................9

*Bourdon v. Mabus*,
    No. 12-5066, 2012 WL 3059584 (D.C. Cir. July 12, 2012)
    (per curiam) .....................................................................................................13

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)..........................................................................................11

*California v. Belitskiy*,
    No. CRI-23402175 (Cal. Super. Ct. Feb. 15, 2023) ...........................................4

\* *Cascade Broad. Grp., Ltd. v. FCC*,
    822 F.2d 1172 (D.C. Cir. 1987) (per curiam) ....................................................3

*Costello v. District of Columbia*,
    826 F. Supp. 2d 221 (D.D.C. 2011)..................................................................12

---

\* Authorities on which this motion chiefly relies are marked with an asterisk.

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .................................................................7, 9

\* *De Jesus Baltierra v. West Virginia Board of Medicine*,
No. 03-5305, 2004 WL 1249644, at \*1 (D.C. Cir. June 7, 2004)
(per curiam) .....................................................................13

*First Chi. Int'l v. United Exch. Co.*,
836 F.2d 1375 (D.C. Cir. 1988) ....................................................7, 9

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
141 S. Ct. 1017 (2021) ..............................................................8

*Ford v. Md. Att'y Gen.*,
No. 18-7175, 2020 WL 1443537 (D.C. Cir. Mar. 12, 2020)
(per curiam) ......................................................................9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ................................................................8

*Gray v. Poole*,
243 F.3d 572 (D.C. Cir. 2001) .......................................................1

*Hanson v. Denckla*,
357 U.S. 235 (1958) ...............................................................11

*IMAPizza, LLC v. At Pizza Ltd.*,
334 F. Supp. 3d 95 (D.D.C. 2018), *aff'd*, 965 F.3d 871
(D.C. Cir. 2020) ..................................................................10

\* *Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) .......................................................7, 11, 12

*Material Supply Int'l, Inc. v. Sunmatch Indus. Co.*,
62 F. Supp. 2d 13 (D.D.C. 1999) ....................................................13

*Mazza v. Verizon Wash. D.C., Inc.*,
852 F. Supp. 2d 28 (D.D.C. 2012) ...................................................12

\* *Sills v. Bureau of Prisons*,
761 F.2d 792 (D.C. Cir. 1985) .......................................................3

*Swecker v. Midland Power Coop.*,
    No. 17-5208, 2018 WL 2383277 (D.C. Cir. May 9, 2018)
    (per curiam) ...................................................................................13

\* *Taxpayers Watchdog, Inc. v. Stanley*,
    819 F.2d 294 (D.C. Cir. 1987) (per curiam) ....................................3, 8

*Thompson Hine, LLP v. Taieb*,
    734 F.3d 1187 (D.C. Cir. 2013) .......................................................11

*Walden v. Fiore*,
    571 U.S. 277 (2014).........................................................................10

*Williams v. Romarm, SA*,
    756 F.3d 777 (D.C. Cir. 2014) ..........................................................7

*World Award Found. Inc. v. Anbang Ins. Grp. Co.*,
    No. 2019-0605-JTL, 2020 WL 3799714 (Del. Ch. July 2, 2020).......................5

*World Wide Travel Inc. v. Travelmate US, Inc.*,
    6 F. Supp. 3d 1 (D.D.C. 2013) .........................................................10

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980).........................................................................11

**Statutes**

6 Del. C. §§ 18-101, 701...............................................................12, 13

**Other Authorities**

D.C. CIRCUIT HANDBOOK OF PRACTICE & INTERNAL
    PROCEDURES 36 (2021)....................................................................6

# INTRODUCTION

This appeal presents a single issue: whether the District Court had personal jurisdiction over AB Stable VIII LLC ("Stable VIII"), a Delaware limited liability company, and its co-appellees, two individuals who live and work in Delaware. The District Court correctly held that it lacked personal jurisdiction over any of these parties based on sworn and undisputed record facts. And Appellants have provided no basis, let alone well-pled factual allegations, to find otherwise. Accordingly, further briefing and argument of this issue will not provide any benefit to the Court, and summary affirmance would be both appropriate and efficient. *See, e.g.*, *Gray v. Poole*, 243 F.3d 572, 575 (D.C. Cir. 2001).

Indeed, this is a particularly strong case for summary affirmance because the absence of personal jurisdiction over Appellees is just the first of many reasons this suit cannot proceed. This litigation is Appellants' latest attempt to assert fraudulent claims of ownership over a portfolio of luxury hotels owned by Stable VIII's subsidiaries. As detailed below, several courts have already rejected these claims and referred Appellants and their counsel for criminal investigation and disciplinary proceedings, respectively. There is no basis for relitigating these claims at all, much less asserting them against Stable VIII in the District Court for the District of Columbia based on a non-party subsidiary's ownership of a single District of Columbia hotel. This purported jurisdictional hook for this meritless suit is useless against

Stable VIII because it does not own that hotel or otherwise have sufficient contacts with the District, and Appellants have not shown otherwise. For these reasons, the Court should dispose of the appeal by granting summary affirmance.

## BACKGROUND[1]

1.     Stable VIII is a Delaware limited liability company that does not own or operate any of the hotels at issue in this suit. The hotels are owned by its subsidiary, Strategic Hotels & Resorts LLC ("Strategic"), and Strategic's subsidiaries. Dkt. 24-1 at 19. Stable VIII owns interests in Strategic that in turn holds, through further distinct subsidiaries, 12 luxury hotels in the United States.[2] *Id.* (citing Verified Complaint ¶¶ 2, 10, *AB Stable VIII LLC v. MAPS Hotels & Resorts One LLC*, No. 2020-0310-JTL (Del. Ch. Apr. 30, 2020); *AB Stable VIII LLC v. MAPS Hotels & Resorts One LLC*, No. 2020-0310-JTL, 2020 WL 7024929, at *1 (Del. Ch. Nov. 30, 2020)). Stable VIII is a subsidiary of Dajia Insurance Group Co., Ltd. ("Dajia"), a corporation organized under the law of the People's Republic of China. *Id.* at 3–4. Dajia acquired the assets of Anbang Insurance Group Co., Ltd. ("Anbang"), which is also a corporation organized under the law of the People's Republic of

---

[1] Stable VIII incorporates by reference the relevant facts and legal argument presented in Appellee Matthew Belger's Motion for Summary Affirmance, and includes here only new information pertinent specifically to Stable VIII's current motion to avoid unnecessary overlap.

[2] Previous filings reference 15 luxury hotels, but in the past year, three of the hotels owned by Strategic's subsidiaries have been sold.

China.  *Id.*

    The corporate structure of Stable VIII is an undisputed fact in this litigation. The record includes sworn testimony—in the form of a verified pleading Stable VIII filed in a related litigation that was credited in a court opinion in that suit—as proof of the ownership structure that supports the District Court's ruling on personal jurisdiction.  Dkt. 24-1 at 19 (citing Verified Complaint ¶¶ 2, 10, *AB Stable VIII LLC*, No. 2020-0310-JTL; *AB Stable VIII*, 2020 WL 7024929, at *1).  In issuing that ruling, the District Court detailed Stable VIII's ownership structure as set forth above, and observed that Appellants "do not object to or challenge these jurisdictional facts," but instead only argue that the property is "presumably under the oversight" of Stable VIII.  Dkt. 52 at 8 n.3.

    These undisputed facts establish that the District Court lacked personal jurisdiction over Stable VIII under controlling law.  Accordingly, the appeal presents no basis for reversal, and the jurisdictional issue would not benefit from further briefing or argument.  "[T]he merits of this action have been given the fullest consideration necessary to a just determination; accordingly, summary disposition is appropriate," and the District Court's judgment should be summarily affirmed.  *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985); *Cascade Broad. Grp., Ltd. v. FCC*, 822 F.2d 1172, 1174 (D.C. Cir. 1987) (per curiam); *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

**2.** Despite the fact that Stable VIII and its co-appellees have no connection to, or business in, the District of Columbia, Appellants filed this case in a vexatious attempt to relitigate claims they have already filed and lost in multiple other courts. Appellants began bringing these fraudulent claims in 2018 with the illegal recording of false grant deeds in four California counties. The deeds purported to transfer to various shell entities six luxury hotel properties that are owned by a subsidiary of Stable VIII and other subsidiaries of Dajia. When the fraud was discovered, Dajia's subsidiaries filed actions to quiet title to those properties. Those actions resulted in quiet title judgments as to all six California hotels, Dkts. 20-8–20-11, and the signatory on the fake grant deeds was recently charged with felony offenses by the San Francisco District Attorney's office in connection with his role in the scheme, *California v. Belitskiy*, No. CRI-23402175 (Cal. Super. Ct. Feb. 15, 2023).

Appellants and their co-conspirators also faked a series of arbitrations against Stable VIII's former corporate parent, Anbang. Dkt. 20 at 6–14. They then docketed a false default judgment from the sham arbitration with the Delaware Court of Chancery. *Id.* at 6 (citing *AB Stable VIII*, 2020 WL 7024929, at *8–10). Next, they used the false default judgment to procure judgments in the Delaware Superior Court and the Superior Court in Alameda County, California. *Id.* at 6–10. All of these judgments have since been vacated on the basis of fraud. *Id.* at 9–10 (citing Dkts. 20-28–20-36). Appellants have been enjoined from using their fake awards as a basis

for claiming rights in the relevant hotel properties, *id.* at 12 (citing *World Award Found. Inc. v. Anbang Ins. Grp. Co.*, No. 2019-0605-JTL, 2020 WL 3799714, at *1 (Del. Ch. July 2, 2020)), and their activities in Delaware have been referred to the Delaware Attorney General for criminal investigation (except Yan Zhao, who was not a party in Delaware). Dkt. 24-1 at 10–11 (citing Dkts. 20-15–20-19; *AB Stable VIII*, 2020 WL 7024929, at *46).

Appellants and their confederates have faced similar discipline in other courts for false filings relating to the scheme as well. A court in New York sanctioned Appellant Yan Zhao and Appellants' attorney for "wholly frivolous" filings. Dkt. 84-1 at 5. And the District Court in this action properly dismissed for lack of personal jurisdiction Appellants' effort to reprise their failed substantive claims in this forum and, after dismissing Stable VIII and its co-appellees on jurisdictional grounds, sanctioned Appellants and their counsel for "abusing the judicial process." Dkt. 86 at 4.[3]

Having faced defeat in both Delaware and California, Appellants filed the present case, alleging a "wild tale" of ownership of the luxury hotels. Dkt. 52 at 2. Appellants failed to allege a basis for jurisdiction in D.C., instead relying on a single

---

[3] Appellee Stable VIII and two of its affiliates recently filed a civil action against Appellants and their affiliates alleging violations of the RICO statute in connection with the scheme. *Anbang Group Holdings Co. Ltd, et al. v. Haibin Zhou, et al.*, 3:23-cv-00998-KAW (NDCA, March 5, 2023).

hotel in D.C., the Four Seasons Hotel in Washington, that is "presumably under the oversight" of Stable VIII. Dkt. 52 at 8 n.3 (quoting Dkt. 29 at 25). Appellants also did not allege any conduct occurring in D.C. relating to their claims. The District Court correctly determined that the District of Columbia was not a permissible venue for Appellants' baseless and false claims, and properly dismissed Stable VIII and its co-appellees for lack of personal jurisdiction. Dkts. 51, 52. Appellants' appeal of that ruling has no support in the law or record, and simply seeks to prolong jurisdictionally barred and otherwise frivolous litigation. This Court should therefore summarily affirm the District Court's order.

## STANDARD OF REVIEW

This Court grants summary affirmance when "the merits of the parties' positions are so clear that expedited action is justified and further briefing unnecessary." *Poole*, 243 F.3d at 575; *see also* D.C. CIRCUIT HANDBOOK OF PRACTICE & INTERNAL PROCEDURES 36 (2021) ("Summary affirmance is appropriate where the merits are so clear as to justify summary action."). The Court considers "the utility of further briefing and argument" when deciding whether summary disposition is justified. *Ambach v. Bell*, 686 F.2d 974, 979 (D.C. Cir. 1982).

## ARGUMENT

The sole question presented in this appeal is whether the District Court correctly held that it lacked personal jurisdiction over Stable VIII and its co-appellees.

Due process requires that for a district court to assert personal jurisdiction over a defendant, it must possess either general or specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). The District Court correctly held that it possessed neither because Stable VIII has no presence in the District of Columbia.

It is the Appellants' burden to "establish[] a factual basis for the court's exercise of personal jurisdiction." *Williams v. Romarm, SA*, 756 F.3d 777, 785 (D.C. Cir. 2014). Appellants cannot meet this burden. In fact, Appellants failed even to *plead* facts suggesting that Stable VIII has "certain minimum contacts with [the District of Columbia] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (cleaned up); *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988) (summarily affirming dismissal due to lack of personal jurisdiction because appellants did not make the "*prima facie* showing necessary to carry the burden of establishing personal jurisdiction" and "failed to adduce any concrete evidence" establishing minimum contacts in D.C.). Appellants admit that Stable VIII is a Delaware company with a registered agent in Wilmington, Delaware, and do not even attempt to show it is subject to general jurisdiction in the District of Columbia. Dkt. 1 at 32–33. Nor do Appellants allege any facts that would support specific personal jurisdiction over Stable VIII in this case. Accordingly, an exercise

of personal jurisdiction over Stable VIII would be a violation of its right to due process under the United States Constitution, and this Court should summarily affirm the District Court's order.

There is no point to further briefing and argument on these issues because the District Court clearly lacks both general and specific jurisdiction over Stable VIII, and Appellants make no contrary showing. That ends the matter. *Taxpayers Watchdog, Inc*, 819 F.2d at 299 (granting summary affirmance when presented with "unrebutted evidence" supporting the district court's determination and a "record … barren … of any facts that would suggest" the district court had erred); *Baker v. State Farm Ins. Co.*, No. 00-7162, 2000 WL 1683504, at *1 (D.C. Cir. Oct. 27, 2000) (per curiam) (summarily affirming dismissal "because the district court lacked personal jurisdiction over the defendants").

## I. This Appeal Should Be Summarily Affirmed Because The District Court Lacks *General* Jurisdiction Over Stable VIII.

A court exercises general jurisdiction only when the defendant is domiciled or "essentially at home" in the court's jurisdiction. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). For a corporation, general jurisdiction exists in the locations where "the corporation is fairly regarded as at home." *Goodyear*, 564 U.S. at 924. A corporation is considered "at home" where it is in-

corporated and has its principal place of business. *Daimler*, 571 U.S. at 137. Additionally, a corporation can be considered "at home" if its contacts with the forum are "so substantial and of such a nature as to render [the defendant] at home in that State." *Id.* at 139 n.19.

The district court correctly held that it lacked general jurisdiction because "Stable VIII is a Delaware limited liability corporation … and the only connection between AB Stable VIII and the District of Columbia raised by either party is that its subsidiary, Strategic, owns a real estate portfolio that includes the Four Seasons Hotel here." Dkt. 52 at 8. Because the property in D.C. is not "directly owned" by Stable VIII, it cannot be said to be "'doing business in the District.'" *Id.* (quoting *Bigelow v. Garrett*, 299 F. Supp. 3d 34, 42 (D.D.C. 2018)). Furthermore, the District Court pointed out that Appellants failed to plead or show that Strategic's ownership "could give rise to [D.C. Code] § 13-334(a) jurisdiction" over Stable VIII because Appellants did not plead or present any facts suggesting, much less sufficient to show, that Strategic is an *alter ego* of Stable VIII. *Id.* Based on the undisputed record above, the District Court's holding that it lacked general jurisdiction over Stable VIII should be summarily affirmed. *Ford v. Md. Att'y Gen.*, No. 18-7175, 2020 WL 1443537, at *1 (D.C. Cir. Mar. 12, 2020) (per curiam) (granting summary affirmance of a dismissal for lack of personal jurisdiction because "[t]he merits of the parties' positions are so clear as to warrant summary action"); *First Chi. Int'l*,

836 F.2d at 1378 (summarily affirming dismissal for lack of personal jurisdiction because appellants "failed to adduce any concrete evidence" establishing minimum contacts in D.C.).

## II. This Appeal Should Be Summarily Affirmed Because The District Court Lacks *Specific* Jurisdiction Over Stable VIII.

To establish specific jurisdiction, Appellants "must show that jurisdiction is proper under both (1) the District of Columbia's long-arm statute and (2) the U.S. Constitution's Due Process Clause." *IMAPizza, LLC v. At Pizza Ltd.*, 334 F. Supp. 3d 95, 110 (D.D.C. 2018), *aff'd*, 965 F.3d 871 (D.C. Cir. 2020). If either of these prongs is unsatisfied, then there can be no specific jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 283 (2014).

The District of Columbia long-arm statute provides various scenarios under which the Court has personal jurisdiction based upon conduct. But the District Court declined to reach the long-arm statute because it determined that an "exercise of personal jurisdiction would violate the Due Process Clause." Dkt. 52 at 10 (citing *World Wide Travel Inc. v. Travelmate US, Inc.*, 6 F. Supp. 3d 1, 6–9 (D.D.C. 2013)). As such, the question of whether D.C.'s long-arm statute would allow the District Court to exercise specific jurisdiction need not be considered.

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden*, 571 U.S. at 283. There must be "certain minimum contacts … such that the maintenance

of the suit does not offend traditional notions of fair play and substantial justice."
*Int'l Shoe*, 326 U.S. at 316 (cleaned up).   And those minimum contacts must be grounded in acts by which the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (internal quotation marks and citation omitted), "thus invoking the benefits and protections of its laws," *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).   In other words, the contacts between Stable VIII and the District of Columbia must be "such that [Stable VIII] should reasonably anticipate being haled into court there."   *Thompson Hine, LLP v. Taieb*, 734 F.3d 1187, 1189 (D.C. Cir. 2013) (citation omitted); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

It is undisputed that the D.C. hotel property (the Four Seasons Hotel in Washington) Appellants identify is not owned by Stable VIII, but rather by its subsidiaries. Appellants' jurisdictional argument rests solely on the conclusory assertion that this hotel is nonetheless "'presumably under the oversight' of Stable VIII.   Dkt. 52 at 8 n.3 (quoting Dkt. 29 at 25).   That allegation is not sufficient to support personal jurisdiction over Stable VIII.   Moreover, Appellants did not allege any conduct in the District of Columbia as a basis for their claims.

As the District Court recognized, Appellants did not "allege[] facts sufficient

to show that this Court can exercise personal jurisdiction over [Stable VIII] consistent with due process." Dkt. 52 at 11.  Their unsupported assertion that a local hotel is "presumably under the oversight" of Stable VIII, *id.* at 8 n.3, does not qualify as a well-pled factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that "mere conclusory statements" to support threadbare assertions "do not suffice"); *Costello v. District of Columbia*, 826 F. Supp. 2d 221, 224 (D.D.C. 2011) ("[W]hile the Court must accept well-pleaded factual allegations, any conclusory allegations are not entitled to an assumption of truth.").  And because no other arguments or facts presented by Appellants suggest any "minimum contacts" between Stable VIII and the District of Columbia, Appellants have not satisfied their burden to establish personal jurisdiction. *Int'l Shoe*, 326 U.S. at 316.

Furthermore, as a matter of law, even if the presumption of oversight were to be accepted as true and well-pled, it is still insufficient to support personal jurisdiction because "[o]rdinarily, a corporation's contacts with a forum may not be attributed to affiliated corporations," *Mazza v. Verizon Wash. D.C., Inc.*, 852 F. Supp. 2d 28, 41 (D.D.C. 2012), and Appellants allege no facts that could overcome this general rule.  A member of an LLC "has no interest in specific limited liability company property." 6 Del. C. § 18-701.  Instead, a member possesses a "[l]imited liability company interest," which is a "share of the profits and losses of a limited liability company" and a "right to receive distributions of the limited liability company's

assets." *Id.* § 18-101(10). There has been no showing or suggestion from Appellants that Stable VIII exerts the kind of dominating control necessary to "negate [the] separate personalit[ies]" of Stable VIII and Strategic or any other subsidiaries. *Material Supply Int'l, Inc. v. Sunmatch Indus. Co.*, 62 F. Supp. 2d 13, 20 (D.D.C. 1999).

This Court has frequently granted summary affirmance in situations like the one presented in this case. For example, in *De Jesus Baltierra v. West Virginia Board of Medicine*, this Court granted summary affirmance of the district court's decision that it lacked personal jurisdiction over certain appellants. No. 03-5305, 2004 WL 1249644, at *1 (D.C. Cir. June 7, 2004) (per curiam). The Court determined that "[t]he merits of the parties' positions" were "clear," and that the "Appellant ha[d] also not alleged facts showing that the district court may exercise personal jurisdiction over" the appellees. *Id.*; *see also*, *e.g.*, *Swecker v. Midland Power Coop.*, No. 17-5208, 2018 WL 2383277, at *1 (D.C. Cir. May 9, 2018) (per curiam) (granting summary affirmance because "appellants failed to meet their burden to make a prima facie showing that the court could exercise personal jurisdiction over appellees"); *Bourdon v. Mabus*, No. 12-5066, 2012 WL 3059584, at *1 (D.C. Cir. July 12, 2012) (per curiam) (granting summary affirmance because "Appellants' allegations did not establish any 'persistent course of conduct … in the District of Columbia'" and did not "make the required *prima facie* showing" of "pertinent jurisdictional facts" (citation omitted)); *Baker*, 2000 WL 1683504, at *1 (same).

Appellants do not—and cannot—meet their burden of showing any error in the judgment on appeal, because they do not plead (much less establish) any facts showing that Stable VIII is subject to personal jurisdiction in the District of Columbia. Stable VIII thus respectfully requests that this Court summarily affirm the District Court's judgment.

## CONCLUSION

This case against a Delaware entity and two individuals who work and live in Delaware was inappropriately filed in the District of Columbia, where none of the Appellees is subject to personal jurisdiction. Further argument or briefing would not aid the Court in reviewing this jurisdictional ruling, and would simply prolong this latest chapter in Appellants' frivolous and abusive litigation campaign. Accordingly, the Court should summarily affirm the District Court's August 27, 2021 Order granting Appellees' motions to dismiss; the District Court's September 30, 2022 Minute Order denying Appellants' motion for recusal; and the District Court's September 30, 2022 Order denying Appellants' Rule 60(a) and (b) motion to reopen and reconsider.

Dated:  March 27, 2023                    Respectfully submitted,


                                           /s/ *Elizabeth P. Papez*
Mitchell A. Karlan                        Elizabeth P. Papez
GIBSON, DUNN & CRUTCHER LLP                 *Counsel of Record*
200 Park Avenue                           Christine A. Budasoff
New York, N.Y.  10166-0193                GIBSON, DUNN & CRUTCHER LLP
(212) 351-3827                            1050 Connecticut Avenue, N.W.
mkarlan@gibsondunn.com                    Washington, D.C.  20036
                                          (202) 955-8500
                                          epapez@gibsondunn.com


          *Counsel for Defendant–Appellee AB Stable VIII LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2023, I electronically filed

the foregoing document with the Clerk of the Court for the U.S. Court of Appeals

for the D.C. Circuit using the CM/ECF system.  Service was accomplished by the

CM/ECF system on the following counsel:

Ning Ye
LAW OFFICE OF NING YE
36-26A Union Street, Suite 3F
Flushing, NY  11354
(718) 321-9899
yeningusa@gmail.com

*Counsel for Plaintiffs-Appellants*

Margaret A. Keeley
Benjamin Nicholas Hazelwood
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, D.C.  20024
(202) 434-5137
bhazelwood@wc.com

*Counsel for Defendant-Appellee
Matthew Belger*

Caneel Radinson-Blasucci
DELAWARE DEPARTMENT OF JUSTICE
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
caneel.radinson-
blasucci@delaware.gov

*Counsel for Defendant-Appellee
Hon. Travis Laster*

  /s/ Elizabeth P. Papez
Elizabeth P. Papez
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500

*Counsel for Defendant-Appellee
AB Stable VIII LLC*

# CERTIFICATE OF COMPLIANCE

I hereby certify that the text of this motion was prepared using 14-point Times New Roman typeface and consists of 3,386 words, as calculated by counsel's word processing software.

Dated: March 27, 2023

 /s/ *Elizabeth P. Papez*    
Elizabeth P. Papez

# ADDENDUM 1

## Travis UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

YAN ZHAO et al.,

     *Plaintiffs*,

   v.

KEQIANG LI et al.,

     *Defendants*.

Civil Action No. 20-3138 (TJK)

### <u>ORDER</u>

    For the reasons set forth in the Court's accompanying Memorandum Opinion, it is hereby

**ORDERED** that AB Stable VIII LLC, Judge Travis Laster, and Matthew Belger's Motions to

Dismiss, ECF Nos. 24, 27, and 31, are **GRANTED**, and Defendants AB Stable VIII LLC, Judge

Travis Laster, and Matthew Belger are **DISMISSED**.

    **SO ORDERED.**

             /s/ Timothy J. Kelly
             TIMOTHY J. KELLY
             United States District Judge

Date: August 27, 2021

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YAN ZHAO et al.,

          *Plaintiffs*,

     v.                            Civil Action No. 20-3138 (TJK)

KEQIANG LI et al.,

          *Defendants*.

## <u>MEMORANDUM OPINION</u>

This suit is the latest attempt by a group of corporate entities and an investor, Yan Zhao, to secure ownership and control over a group of luxury hotels.  They claim that the properties, now indirectly owned by Defendant AB Stable VIII LLC, were the target of a plot by the Chinese government to illegally expropriate their wealth.  They sue AB Stable VIII LLC, various Chinese political officials and entities, and a judge and opposing counsel from their previous litigation in the Delaware Court of Chancery.  They bring a constellation of purported claims, including for "Trade Mark Piracy to claim for compensation," "Illegal Expropriation," violation of various international agreements against torture, breach of contract, unjust enrichment, tortious interference, "pain and suffering," civil conspiracy, and false imprisonment.  Pending before the Court are motions to dismiss for, among other things, lack of personal jurisdiction filed by AB Stable VIII LLC, Judge Travis Laster, and attorney Matthew Belger.  For the reasons explained below, the Court will grant their motions and dismiss the claims against them.

# I.    Background

## A    Plaintiffs' Complaint

Plaintiffs seek, among other things, ownership of or compensation for a group of luxury hotels, including the Four Seasons Hotel in Washington, D.C.  ECF No. 1 ("Compl.") ¶ 30. They allege a wild tale as to how a dispute over these properties arose.  They say that "An Bang Insurance Group Company, Limited" ("Plaintiff An Bang") was founded in 2002 by Andy Bang and Xiaolu Chen.  *Id*. ¶ 5.  About a year later, Bang and Chen invited Xiaohu Wu, a relative of former Chinese leader Deng Xiaoping, to join their team.  Plaintiffs allege the company grew to be worth nearly half a trillion dollars before Wu was arrested in late 2017 and convicted in a "set-up" that led to an 18-year prison sentence.  *Id*. ¶¶ 5 & 7.  Plaintiffs allege that then, Plaintiff An Bang was "illegally taken, confiscated, expropriated and illegally nationalized" into the newly incorporated, state-owned "Dajia Insurance Group Co. Ltd."  *Id.* ¶¶ 8 & 10.  The Complaint identifies Defendants Shuqing Guo, "the CCP [First] Secretary for the Party Branch of the CBIRC," and Keqiang Li, "the Standing Committee member of the Politburo of the Chinese Communist Party's national central committee," as leaders in this "illegal expropriation."  *Id.* ¶ 11.

Anticipating this seizure, the purported co-founders of Plaintiff An Bang assert they planned to transfer assets away from the Chinese government's control through foreign investment.  Compl. ¶ 14.  Accordingly, they allegedly purchased twenty luxury properties in the United States.  *Id.*  And they claim to have executed an agreement on May 15, 2017 under the Delaware Rapid Arbitration Act, ("the DRAA Agreement") between "AnBang Insurance Group Co. Ltd," "Beijing Dahuabang Investment Group Co. Ltd.," "World Award Foundation, USA," Plaintiff An Bang, "Amer Group Inc. USA," and "Ame Group Inc. USA" through which the

hotels would be transferred to Andy Bang and his U.S. incorporated companies.[1]  ECF No. 1-10 at 20.  They further claim that on July 21, 2019, under the DRAA Agreement, a panel of arbitrators rendered six arbitration awards ("DRAA Agreement awards") transferring the assets to Andy Bang.  Compl. ¶ 35.

But, Plaintiffs say, when they sought to obtain judgments based on those awards in Delaware Superior Court, Judge Laster and Belger, an attorney for their opponents, conspired with the Chinese government to deny them those judgments and expropriate their wealth. Compl. ¶¶ 51, 52, 56.  And Plaintiffs allege that their efforts to prevent the nationalization of their assets "attracted stormy retaliation, causing fatality and harms in false imprisonment, incommunicado detentions plagued with ruthless, life threatening tortures."  *Id.*  ¶ 17.  They even allege that Wu and Chen may have been killed or tortured as part of this conspiracy.  *Id.* ¶ 20 (stating that "Andy Bang's such business corroborators as Xiaohui Wu, Xiaolu Chen, were driven to be demised"); *Id.* ¶ 23 ("Xiaohui Wu has already lost his human shape due to Chinese communist prison wards infamously spreading habitual practice of inhumane, ruthless tortures."); *Id.* ¶ 25 ("Xiaolu Chen was found dead in sudden death with unknown course . . . .").

### B.    Representations in the Motions to Dismiss

While it plays no role in the Court's resolution of the instant motions to dismiss, the Court notes for the sake of completeness that AB Stable VIII LLC ("AB Stable VIII"), asserts that it, and not Plaintiffs, owns the properties at issue, at least indirectly.  It denies that it ever entered into the DRAA Agreement.  And it claims that the DRAA Agreement and the arbitration awards issued under it are part of a broader fraud scheme perpetuated by Plaintiffs, marked by

---

[1] The Complaint does not clarify the relationship of the other DRAA parties to each other or to the properties at issue.

their recording false grant deeds against its hotels, purporting to transfer them to Delaware shell companies strategically named to suggest association with AB Stable VIII and its affiliates.  ECF No. 20 at 6.  Then, AB Stable VIII claims, Plaintiffs "created arbitration awards based on a fictitious arbitration agreement in their attempts to lay claim to hundreds of billions of dollars of . . . assets."  ECF No. 20 at 1.

AB Stable VIII, Judge Laster, and Belger also collectively provide an account of the litigation in Delaware, backed by publicly available court documents and opinions.  They say that Plaintiffs in this case (except for Zhao), as petitioners, brought suit in the Delaware Court of Chancery on August 9, 2019, claiming for some reason that a dispute under the DRAA Agreement required arbitration.  *World Award Found. v. Anbang Ins. Gp. Co., Ltd*, C.A. No. 2019-0606-JTL.  Then, on October 1, 2019, petitioners docketed various documents in the Delaware Court of Chancery, including a document purporting to be a Delaware Court of Chancery "default judgment" as to the DRAA Agreement awards.  *See* ECF No. 20-13.  They then filed the docketed "default judgment" in six separate Delaware Superior Court actions and obtained judgments to try to enforce the DRAA Agreement award against, among others, AB Stable VIII.

But in January 2020, Judge Laster, the Chancery Court judge, ordered the judgments vacated.  Order of January 15, 2020, 2019-0605, *World Award Found. Inc. v. Anbang Ins. Group Co., Ltd*, (Del. Ch.).  Six months later, in July 2020, he entered judgment for the respondents in the case before him, Anbang Insurance Group Co., Ltd. and Beijing Great Hua Bang Investment Group Co., Ltd., and refused to "enter, confirm, or deem confirmed" any arbitration award or judgment related to the DRAA Agreement.  *World Award Found. Inc. v. Anbang Ins. Group Co., Ltd*, 2019-0605 (JTL), 2020 WL 3799714, at *1 (Del. Ch. July 02, 2020) (cleaned up).  He also

ordered that the document purporting to be a Delaware Court of Chancery "default judgment" that petitioners filed was "of no legal force or effect." *Id.* He enjoined petitioners from "representing to any court or person that as a result of this action or any filings made in this action [they] hold title to, or have any real property interest in, any of the properties owned by Dajia or its subsidiaries." *Id.* And finally, he ordered respondents in that case to provide documents to the state's Office of Disciplinary Counsel to consider disciplinary action against petitioners' lawyers. *Id.* The lawyers then withdrew, petitioners appealed the judgment pro se, but their appeal was ultimately dismissed. *World Award Found. Inc. v. Anbang Ins. Grp. Co.*, 241 A.3d 217 (Del. 2020).

### C.    Procedural Background

Plaintiffs filed this suit in October 2020. They named as Defendants AB Stable VIII, Judge Laster, Belger, and various Chinese government officials and entities. On January 4, 2021, they filed a motion for a Temporary Restraining Order.[2] ECF No. 4. On January 11, the case was assigned to the undersigned, and on January 12, the Court denied the motion for a temporary restraining order, after finding that Plaintiffs failed to establish that they were likely to succeed on the merits or that they were likely to suffer irreparable harm. *See* Minute Order of January 12, 2021.

The next day, Plaintiffs, undeterred, filed an "emergency motion for appointment of temporary receivers/trustees" and a second, amended version of that motion. ECF Nos. 9 &10. This motion asked the Court to appoint a temporary receiver "to preserving integrity and intact of the properties Plaintiffs claimed their rightful ownership under the imminent risk of being

---

[2] This motion seems to have been prompted, at least in part, by an attempted sale of the relevant properties by AB Stable VIII. *See AB Stable VIII LLC v. Maps Hotels & Resorts One LLC*, No. CV 2020-0310-JTL, 2020 WL 7024929, at *1 (Del. Ch. Nov. 30, 2020)

CONFIDENTIAL DRAFT

extinguished by Defendants' unlawful conversion." ECF No. 10 at 1.  Seemingly in response to the Court's previous assessment of the potential alleged harm as purely economic, Plaintiffs instead argued that the "size of the hot currency" was large enough that it "would be highly likely used to make . . . intercontinental ballistic missiles and aircraft carriers, aiming at the United States." ECF No. 10 at 5–6.  AB Stable VIII opposed that motion, ECF No. 20, and later moved to dismiss.  ECF No. 24.  Judge Laster and Belger also moved to dismiss.  ECF Nos. 27 & 31.  As of now, the foreign defendants have not yet responded.

## II.    Legal Standards

A motion to dismiss under Rule 12(b)(2) tests whether the Court may exercise personal jurisdiction over the defendant.  The plaintiff bears "the burden of establishing a factual basis for the exercise of personal jurisdiction." *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990).  The D.C. Circuit has held that absent jurisdictional discovery or an evidentiary hearing on jurisdiction, a plaintiff can carry her burden by making "a prima facie showing" of personal jurisdiction.  *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005) (citation omitted).  To do so, a plaintiff need not "adduce evidence that meets the standards of admissibility reserved for summary judgment and trial." *Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 44 (D.D.C. 2010).  Instead, "she may rest her arguments on the pleadings," bolstered by affidavits and other written materials.  *Id.*  That said, she "cannot rest on bare allegations or conclusory statements." *GTE New Media Servs., Inc. v. Ameritech Corp.*, 21 F. Supp. 2d 27, 36 (D.D.C. 1998).  Rather, she "must allege specific facts connecting each defendant with the forum." *Id.*

## III.    Analysis

In their motions to dismiss, AB Stable VIII, Judge Laster, and Belger present myriad grounds for dismissal under Rules 12(b)(1), (2), (3), (5), and (6).  But the Court will start, as it

must, by considering whether it has jurisdiction.  Because the Court will dismiss these three

defendants for lack of personal jurisdiction, it need not reach their other arguments for dismissal.

### A.      Personal Jurisdiction

Personal jurisdiction is "an essential element of the jurisdiction of a district court, without

which the court is powerless to proceed to an adjudication."  *Jankovic v. Int'l Crisis Grp.*, 494

F.3d 1080, 1086 (D.C. Cir. 2007) (cleaned up).  Personal jurisdiction comes in two flavors:

general and specific.  General jurisdiction allows the Court to hear any claim against the

defendant, no matter where it arises.  *See Livnat v. Palestinian Auth.*, 82 F. Supp. 3d 19, 25

(D.D.C. 2015).  Specific jurisdiction, by contrast, allows the Court to hear only those claims that

"arise[ ] out of or relate[ ] to the defendant's contacts with the forum."  *Geier v. Conway, Homer*

*& Chin-Caplan, P.C.*, 983 F. Supp. 2d 22, 31 (D.D.C. 2013).  This Court lacks personal

jurisdiction, either general or specific, over AB Stable VIII, Judge Laster, and Belger.

### 1.      General Jurisdiction

A court may "exercise general jurisdiction only when a defendant is 'essentially at home'

in" that court's jurisdiction.  *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017,

1024 (2021) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919

(2011)).  "For an individual, the paradigm forum for the exercise of general jurisdiction is the

individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is

fairly regarded as at home."  *Goodyear*, 564 U.S. at 924.  "[T]he place of incorporation and

principal place of business are paradigm bases for general jurisdiction."  *Daimler AG v. Bauman*,

571 U.S. 117, 137 (2014) (cleaned up).  A defendant may also be subject to general jurisdiction

outside its paradigmatic forum so long as its contacts with that forum are "so substantial and of

such a nature as to render [the defendant] at home in that State."  *Id.* at 139 n.19.

This Court cannot find that it has general personal jurisdiction over AB Stable VIII.  AB Stable VIII is a Delaware limited liability corporation, Compl. ¶ 169, and the only connection between AB Stable VIII and the District of Columbia raised by either party is that its subsidiary, Strategic, owns a real estate portfolio that includes the Four Seasons Hotel here.[3]  True, D.C. Code § 13–334(a) authorizes general jurisdiction over a foreign corporation if it is "doing business in the District."  *Bigelow v. Garrett*, 299 F. Supp. 3d 34, 42 (D.D.C. 2018).  But the property at issue here is not directly owned by AB Stable VIII, so it is not doing business here.  Moreover, although it is possible that Strategic's ownership of real estate in the District of Columbia could give rise to § 13–334(a) jurisdiction over AB Stable VIII if the two were alter egos, Plaintiffs have not plead or shown that they are.[4]

---

[3] According to AB Stable VIII, it owns the hotels indirectly through its subsidiary, Strategic Hotels & Resorts LLC ("Strategic"), and Strategic's subsidiaries.  *See* ECF 24-1 at 28.  AB Stable VIII is a subsidiary of Dajia Insurance Group, Ltd. ("Dajia"), a corporation organized under the law of the People's Republic of China.  *Id.*  And Dajia is the successor to Anbang Insurance Group, Ltd., which was also a corporation organized under the law of the People's Republic of China.  *Id.*  In support of its explanation of this ownership structure, AB Stable VIII cites to a Verified Complaint filed in related litigation, as well as a court opinion in that litigation in support of its explanation of this ownership structure.  ECF 24-1 at 28 (citing Verified Complaint ¶¶ 2, 10, *AB Stable VIII LLC*, No. 2020-0310-JTL; *AB Stable VIII LLC*, 2020 WL 7024929, at *1).  Plaintiffs, for their part, do not object to or challenge these jurisdictional facts.  In response, Plaintiffs argue only that the property is "presumably under the oversight" of AB Stable VIII, implicitly acknowledging an indirect relationship.  ECF No. 29 at 25.  In addition, Plaintiffs have not moved for jurisdictional discovery or an evidentiary hearing.  To the contrary, they represent that no such hearing is necessary, *see id.*, and suggest that no material jurisdictional facts are in dispute.  *See Rundquist v. Vapiano SE*, 9-cv-2207 (BAH), 2012 WL 5954706, at *4 (D.D.C. Nov. 9, 2012).

[4] "Ordinarily, a defendant corporation's contacts with a forum may not be attributed to . . . affiliated corporations . . . .  An exception exists, however, where affiliated parties are 'alter egos' of a corporation over which the Court has personal jurisdiction; in that case the corporation's contacts may be attributed to the affiliated party for jurisdictional purposes."  *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 24 F.Supp.2d 66, 70 (D.D.C. 1998).  To establish that a subsidiary is an alter ego of its parent, also referred to as "piercing the corporate veil," courts look to whether there is a unity of ownership and interest.  *Id.* at 70 n. 3.  The District of

This Court also lacks general personal jurisdiction over individual defendants Judge Laster and Belger.  Both Judge Laster and Belger live and work in Delaware, and accordingly are not "essentially at home" in the forum to support general jurisdiction.  *Daimler*, 571 U.S. at 127; *see* ECF No. 31-2 ("Decl. of M. Belger") ¶¶ 2 & 4; ECF No. 27-2 ("Decl. of J.T. Laster") at 1. And nothing in the Complaint suggests otherwise.  Compl. ¶ 212 (alleging that Belger's "principal place of business" is in Delaware, while omitting any allegation concerning his domicile).  Thus, the Court turns to whether it has specific jurisdiction over them.

### 2.   Specific Jurisdiction

Due process also precludes the Court from asserting specific jurisdiction over AB Stable VIII, Judge Laster, and Belger.  To establish specific jurisdiction, Plaintiffs "must show that jurisdiction is proper under both (1) the District of Columbia's long-arm statute and (2) the U.S. Constitution's Due Process Clause."  *IMAPizza, LLC v. At Pizza Ltd.*, 334 F. Supp. 3d 95, 110 (D.D.C. 2018).

---

Columbia Court of Appeals has stated that piercing the corporate veil requires showing that "'the corporation is not only controlled by those persons [alleged to be alter egos of the corporation], but also that the separateness of the persons and the corporation has ceased and . . . an adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice.'"  *Camacho v. 1440 Rhode Island Avenue Corp.*, 620 A.2d 242, 249 (D.C. 1993) (quoting *Vuitch v. Furr*, 482 A.2d 811, 815 (D.C. 1984)).  But the Complaint barely mentions Strategic and does not allege that it is AB Stable VIII's alter ego.  And in Plaintiffs' response to AB Stable VIII's motion, they merely argue that the Four Seasons property is "in active business operation under the Defendants' oversight and management."  ECF No. 29 at 24.  They also analogize the "parental-subsidiary relationship" to "what Nuremberg Trial held six German organizations liable and accountable for Nazi's anti-humanity crimes."  *Id.* at 27.  These conclusory statements do not suffice to show that this Court has jurisdiction over AB Stable VIII because it is the alter ego of Strategic.

CONFIDENTIAL DRAFT

The District of Columbia long-arm statute provides, among other things, for "personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's":

> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; [or]
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia . . . .

D.C. Code § 13-423(a)(1)–(4).  The plaintiff must identify which prong of the long-arm statute he is relying on as the basis for jurisdiction.  *See FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1095–96 (D.C. Cir. 2008).

Plaintiffs argue that the first, third, and fourth prongs of the long-arm statute support jurisdiction.  They argue that the Four Seasons Hotel in Washington, D.C., provides the basis for personal jurisdiction over AB Stable VIII, Judge Laster, and Belger.  But because "personal jurisdiction analysis requires that a court determine whether jurisdiction over a party is proper under the applicable local long-arm statute and whether it accords with the demands of due process," *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995), the Court will skip over examining the asserted prongs and instead proceed to the dispositive due process analysis.  *See World Wide Travel Inc. v. Travelmate U.S., Inc.*, 6 F. Supp. 3d 1, 6–9 (D.D.C. 2013) (declining to address the requirements of § 13-423(a)(1), (3) and (4) because exercise of personal jurisdiction would violate the Due Process Clause).

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts."  *Walden v. Fiore*, 571 U.S. 277, 283 (2014).  "Although a nonresident's physical presence within the territorial jurisdiction of the

court is not required, the nonresident generally must have 'certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To satisfy due process, there must be sufficient "'minimum contacts' between the defendant and the forum 'such that he should reasonably anticipate being haled into court there.'" *Thompson Hine, LLP v. Taieb*, 734 F.3d 1187, 1189 (D.C. Cir. 2013) (citations omitted). "That is, there must exist 'a relationship among the defendant, the forum, and the litigation' such that 'the defendant's suit related conduct create[s] a substantial connection with the forum.'" *Urquhart-Bradley v. Mobley*, 964 F.3d 36, 44 (D.C. Cir. 2020). To create such a connection "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (cleaned up).

As for AB Stable VIII, Plaintiffs have not alleged facts sufficient to show that this Court can exercise personal jurisdiction over it consistent with due process. Plaintiffs claim that the Four Seasons Hotel in Washington, D.C. provides a basis for specific jurisdiction over it, but as discussed above, the property is not owned directly by AB Stable VIII, and Plaintiffs do not plead or show that AB Stable VIII and Strategic are "alter egos" for jurisdictional purposes. And beyond the subsidiary-owned property, they do not allege or provide evidence of other contacts between AB Stable VIII and the District of Columbia at all, let alone those that arise from the claims in this suit. For these reasons, they have not shown that AB Stable VIII has purposefully

CONFIDENTIAL DRAFT

availed itself of the District of Columbia's laws or had sufficient minimum contacts with it. Thus, this Court may not assert specific personal jurisdiction over AB Stable VIII.

The Court also may not assert specific jurisdiction over Judge Laster and Belger consistent with due process.  Plaintiffs do not allege that either Judge Laster or Belger purposefully availed himself of the privilege of conducting activities within the District of Columbia.  In fact, Plaintiffs do not allege that they conducted *any* activities here.  Instead, they suggest that their participation in Delaware state court proceedings involving corporate entities with an indirect connection to the District of Columbia is enough to establish personal jurisdiction.  To be sure, a defendant's physical presence within a jurisdiction is not required for personal jurisdiction.  *See Walden*, 571 U.S. at 283.  But participation in Delaware court proceedings alone cannot establish minimum contacts in the District of Columbia; there is simply no reason for Judge Laster or Belger to have reasonably anticipated being haled into Court here.  For all these reasons, the Court will dismiss AB Stable VIII, Judge Laster, and Belger for lack of personal jurisdiction.

## IV.    Conclusion

For all these reasons, the Court will grant Defendants' motion to dismiss.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 26, 2021